**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ALVIN VAUGHT ET UX NANCY VAUGHT | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:17-cv-170 |
| | § | |
| OCWEN LOAN SERVICING, LLC, POWER | § | |
| DEFAULT SERVICES, INC., AND | § | |
| WILMINGTON TRUST NATIONAL | § | |
| ASSOCIATION NOT IN ITS INDIVIDUAL | § | |
| CAPACITY BUT AS TRUSTEE OF ARLP | § | |
| SECURITIZATION TRUST, SERIES 2014-2 | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332, 1441, and 1446, Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Power Default Services, Inc. ("Power Default") (collectively with Ocwen, the "Defendants") hereby remove this action from the 451st Judicial District Court of Kendall County, Texas to the United States District Court for the Western District of Texas, San Antonio Division. This Court has jurisdiction over this action and the action is properly removable because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. In support of this removal, Defendants state the following:

### I.     BACKGROUND

1.     Plaintiffs Alvin and Nancy Vaught ("Plaintiffs") filed their *Original Petition and Request for Temporary Restraining Order* (the "Petition") on January 30, 2017 in the 451st Judicial District Court of Kendall County, Texas, where the lawsuit has been assigned cause number 17-010-451 (the "State Court Action").

2.      In the Petition, Plaintiffs seek to enjoin and restrain the alleged execution of a forcible entry and detainer on the real property located at 210 English Oaks Circle, Boerne, Texas 78006 (the "Property") based on Plaintiffs' purported legal and equitable interest in the Property.  (*See* Petition at ¶ 3.)

3.      Plaintiffs concede that they got behind on their payments due to financial hardship and requested a loan modification in an effort to "work out payment issues." (*See id.* at ¶ 4.)

4.      Plaintiffs allege that they spoke with representatives at Ocwen regarding the status of their loan and that "virtually every representative" provided allegedly "wholly incorrect" information with respect to their loan. (*See id.* at ¶ 5.).  Plaintiffs further allege that, despite their purported previous requests that they be allowed to make payments on the loan, Ocwen allegedly "refused to allow such payments unless Plaintiffs first paid off the entire balance that is in arrears or successfully completed a loan remodification." (*See id.*)

5.      Additionally, Plaintiffs allege that Defendants foreclosed on the Property in violation of a temporary restraining order, and the substitute trustee's deed by which the property was sold at the foreclosure sale is fraudulent (*See id.* at ¶ 9).

6.      In connection with the above allegations, Plaintiffs allege the following causes of action against Defendants: (1) negligence, (2) negligent hiring, (3) violation of Chapter 12 of the Texas Civil Practice and Remedies Code, (4) fraud, (5) breach of fiduciary duties, and (6) breach of contract (collectively, the "Causes of Action"). (*See id.* at ¶¶ 10-21).

7.      With this Notice of Removal, Defendants remove the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.  Defendant Christiana Trust, a division of Wilmington Savings Fund Society FSB, not in its individual capacity but as

Trustee of ARLP Securitization Trust Series 2014-2 ("Wilmington FSB")[1] has consented to this removal. A true and correct copy of the Consent to Removal is attached hereto as **Exhibit A**.

## II.     PROCEDURAL REQUIREMENTS

8.      This action is properly removed to this Court, as the State Court Action is pending within this district and division. *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(d)(4).

9.      Plaintiff served Defendants on February 2, 2017. Accordingly, removal is timely under 28 U.S.C. § 1446(b).

10.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the file of record in the State Court Action is attached as **Exhibit B**.

11.     Simultaneously with the filing of this Notice of Removal, Defendants are filing a copy of the Notice of Removal in the 451st Judicial District Court of Kendall County, Texas, pursuant to 28 U.S.C. § 1446(d).

## III.    GROUNDS FOR REMOVAL

### A.     This Court Has Diversity Jurisdiction

12.     Removal is appropriate on the basis of diversity jurisdiction.  Where there is complete diversity among parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed to federal court.  28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiffs are not citizens of the same state as Defendants.  Further, as shown below, the amount-in-controversy requirement is also satisfied.

*1.      Complete Diversity of Citizenship Exists Between the Parties*

13.     Plaintiffs are natural persons, and therefore their citizenship is determined by "where they are domiciled, that is, where they have a fixed residence with the intent to remain

---

[1] Wilmington FSB has been incorrectly named by Plaintiffs as Wilmington Trust, National Association not in its individual capacity but as Trustee of ARLP Securitization Trust, Series 2014-2.

there indefinitely." *Margetis v. Ray*, No. 3:08-CV-938-L, 2009 WL 464962, at *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). Plaintiffs admit that they maintain a residence in Boerne, Texas. (*See* Petition at ¶ 1.) Upon information and belief, they are domiciled in Texas with an intent to remain indefinitely. Thus, Plaintiffs are citizens of Texas.

14.     Ocwen is a limited liability company. Thus, its citizenship for diversity purposes is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). Ocwen is wholly-owned by, and its sole member is, Ocwen Mortgage Servicing, Inc. ("OMS"), which is a corporation. A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). OMS is incorporated in and has its principal place of business in the U.S. Virgin Islands. Thus, Ocwen is a citizen of the U.S. Virgin Islands for diversity purposes.

15.     Power Default is a corporation, so it is a citizen of the state where it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005). Power Default was incorporated in Delaware and its principal place of business is in Georgia. Thus, Power Default is a citizen of Delaware and Georgia for diversity purposes.

16.     As Trustee, Wilmington FSB's citizenship controls for diversity purposes. *See Wells Fargo Bank, N.A. v. Am. Gen. Life Ins. Co.*, 670 F. Supp. 2d 555, 561 (N.D. Tex. 2009) ("[T]he citizenship of a trust, for diversity jurisdiction purposes, is determined by the citizenship of its trustee.") (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) and *Bass v. Int'l Bhd. of Boilermakers*, 630 F.2d 1058, 1067 n.17 (5th Cir. 1980)). Wilmington Savings Fund Society,

FSB is a federal savings bank with its home office in Delaware.  Therefore, Wilmington Savings

Fund Society, FSB is a citizen of Delaware.  *See* 12 U.S.C. 1464(x).

17.     Because Plaintiff is not a citizen of the same state as any of the Defendants,

complete diversity exists in this matter.  *See* 28 U.S.C. § 1332(a); *Wis. Dept' of Corr. v. Schacht,*

524 U.S. 381, 388 (1998).

> 2.     *The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs*

18.     Where a defendant can show, by a preponderance of the evidence, that the amount

in controversy more likely than not exceeds the jurisdictional minimum, removal is proper.  *See*

*White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003).  A defendant can meet this

burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000,

or, alternatively, if the defendant introduces other evidence to show that the amount in

controversy more likely than not exceeds $75,000, exclusive of interest and costs.  *St. Paul*

*Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

19.     Plaintiffs seek to "enjoin the execution of a forcible entry and detainer" on the

Property at issue in this case.  (*See* Petition at ¶ 3.)  "In actions seeking declaratory or injunctive

relief, it is well established that the amount in controversy is measured by the value of the object

of the litigation." *See Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting

*Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).  In actions enjoining a

lender from transferring property and preserving an individual's ownership interest, it is the

property itself that is the object of the litigation; the value of that property represents the amount

in controversy.  *Farkas*, 737 F.3d at 338 (quoting *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074,

1076 (9th Cir. 1973)).  Thus, when a right to property is called into its entirety, the value of the

property controls the amount in controversy.  *Nationstar Mortg. LLC v. Knox*, 351 Fed. Appx.

844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)).

20.     Because Plaintiffs seek to prevent Defendants from entering the Property, and from preventing their removal from the Property, the entire value of the Property is at issue, and the amount of controversy is therefore measured by that value. *See Farkas*, 737 F.3d at 341.  A tax appraisal of the Property indicates that the assessed value of the Property as of 2016 was $320,650.  A true and correct copy of the 2015 Kendall County Appraisal District tax appraisal for the Property is attached as **Exhibit C**.[2]

21.     Based on the value of the Property, it is apparent from the face of the Petition that the amount in controversy exceeds $75,000, exclusive of interest and costs.

22.     Because there is complete diversity among the parties and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## IV.     CONCLUSION

WHEREFORE, Defendants remove this action from the 216th Judicial District Court of Kendall County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over the cause as provided by law.

---

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants respectfully request that the Court take judicial notice of this publicly filed document.

Respectfully submitted,

*/s/ Matthew K. Hansen*
**Robert T. Mowrey**
State Bar No. 14607500
rmowrey@lockelord.com
**Arthur E. Anthony**
State Bar No. 24001661
aanthony@lockelord.com
**Matthew K. Hansen**
State Bar No. 24065368
mkhansen@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000 (Telephone)
(214) 740-8800 (Facsimile)

**OCWEN LOAN SERVICING, LLC
AND POWER DEFAULT
SERVICES, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document is served on Plaintiffs' counsel of record pursuant to the Federal Rules of Civil Procedure *via electronic transmission and/or certified mail, return receipt requested*, on this 3rd day of March, 2017:

**Reid A. Nelson**
210 English Oaks Circle
Boerne, Texas 78006
(210) 260-5161 (Telephone)
(866) 767-4565 (Facsimile)

**Carl J. Colb**
**William M. Clanton**
926 Chulie, Dr.
San Antonio, Texas 78216
(210) 225-6666 (Telephone)

**Jeffrey R. Seewald**
1001 McKinney St, Ste. 1500
Houston, Texas 77002
(713) 335-2102 (Telephone)
(713) 335-2102 (Facsimile)

*/s/ Matthew K. Hansen*

Counsel for Defendant