IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALVIN VAUGHT, NANCY VAUGHT, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | CASE NO. SA:17-CV-00170-OLG |
| § | |
| OCWEN LOAN SERVICING, LLC, ET. AL. § | |
| § | |
| § | |
| Defendant. § | |

### DEFENDANTS' MOTION TO VACATE TEMPORARY RESTRAINING ORDER

Defendant Ocwen Loan Servicing, LLC ("Ocwen"), Defendant Power Default Services, Inc. ("PDS"), and Defendant Christiana Trust, a division of Wilmington Savings Fund Society FSB, not in its individual capacity but as Trustee of ARLP Securitization Trust Series 2014-2 ("Wilmington FSB") (collectively, "Defendants") object to the Temporary Restraining Order issued in this case on August 11, 2017 (Dkt. No 17) and therefore file this Motion to Vacate Temporary Restraining Order, and respectfully show the Court as follows:

### I. INTRODUCTION

Plaintiffs Alvin and Nancy Vaught's ("Plaintiffs") Motion for Temporary Restraining Order is procedurally defective on its face and therefore must be vacated. Pursuant to Federal Rule of Civil Procedure 65, a request for temporary restraining order must be verified. Yet Plaintiffs' Motion for Temporary Restraining Order is not verified. In addition, Plaintiffs have failed to make the required showing of a substantial likelihood of success on the merits. For these reasons, this Court should vacate the temporary restraining order.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed their Original Petition and Request for Temporary Restraining Order on January 9, 2017 in Texas state court in the 451st Judicial District for Kendall County, Texas assigned Cause No. 17-010 (the "State Court Action"). *See* Dkt. No. 1-2 at 5. The Original Petition and Request for Temporary Restraining Order, which alleged various claims related to the default and foreclosure of Plaintiffs' property,[1] was verified. *See id* at 21. The state court granted the temporary restraining order on January 9, 2017. *See* Dkt. No. 1-3. After extensions agreed to by Defendants, the temporary restraining order expired on April 10, 2017. *See id.* at 57. On March 3, 2017, Defendants filed their Original Answers in the State Court Action. *See id.* at 64-72. On the same day, Defendants filed a Notice of Removal removing the State Court Action to this Court. *See* Dkt. No. 1.

Plaintiffs filed an Amended Complaint on August 1, 2017. *See* Dkt. No. 13. The Amended Complaint contained a new request for temporary restraining order, which was docketed as a Motion for Temporary Restraining Order. *See id.* The Motion for Temporary Restraining Order was granted on August 11, 2017 without hearing. *See* Dkt No. 17. The Motion for Temporary Restraining Order, however, contained fatal defects. Accordingly, Defendants object and now timely file their Motion to Vacate Temporary Restraining Order.

## III. DISCUSSION

The requirement that an application for a temporary restraining order be verified is well-established. "Under the Federal Rules of Civil Procedure, an application for a temporary restraining order must set forth 'specific facts shown by affidavit or by the ***verified*** complaint that immediate and irreparable injury, loss, or damage will result to the applicant.'" *Espino v.*

---

[1] A true and correct copy of the relevant Deed of Trust is attached hereto as **Exhibit A**.

*Homecoming Fin. Network, Inc.*, 2005 U.S. Dist. LEXIS 32349, *3 (W.D. Tex. Sept. 15, 2005) (quoting FED R. CIV. P. 65) (emphasis added); *see also Kelly v. Thompson*, 2010 U.S. Dist. LEXIS 31800, *1 (W.D. Tex. Mar. 31, 2010). An amended complaint supersedes a previously filed pleading, and thus must be verified if it seeks a temporary restraining order. *See, e.g., Stanton v. Brunswick School Dep't*, 577 F. Supp. 1560, 1565, 1984 U.S. Dist. LEXIS 20180, *14 (D. Me. Jan. 23, 1984) ("[T]he Amended Complaint is not verified. Accordingly, its contents may not be considered by the Court in granting interlocutory injunctive relief.") (citing FED. R. CIV. P. 65(b)(1)); s*ee also Flowers v. Deutsche Bank Nat'l Trust Co.*, 2014 U.S. Dist. LEXIS 147608, *8 (N.D. Tex. Oct. 16, 2014) (holding that while the plaintiff's original petition and application for temporary restraining order was verified, plaintiff's amended complaint was not verified and thus could not qualify as summary judgment evidence because the live pleading supersedes the original pleading).

After meeting the verification prerequisite, a plaintiff must demonstrate the following to obtain a temporary restraining order: (i) a substantial likelihood of success on the merits; (ii) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (iii) that greater injury will result from denying the temporary restraining order than from its being granted; and (iv) that a temporary restraining order will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *see also Canal Authority v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (en Banc). Importantly, "if a party fails to meet any of the four requirements, the court cannot grant the temporary restraining order or preliminary injunction." *Fed. Home Loan Mortg. Corp v. Am. Home Mortg. Corp.*, 2007 U.S. Dist. LEXIS 56646, *7 (N.D. Tex. Aug. 3, 2007).

Plaintiffs' Motion for Temporary Restraining Order is fatally defective because it is not

verified. As shown above, the Federal Rules of Civil Procedure make clear that verification is a prerequisite to obtaining injunctive relief. Plaintiffs did originally supply a verified original petition in the State Court Action and based thereupon were granted a temporary restraining order. *See* Dkt. No. 1-2 at 21. However, that temporary restraining order expired. *See* Dkt. No. 1-3 at 57. The temporary restraining order requested in Plaintiffs' motion is an altogether new and separate request, and thus it must independently satisfy all of Rule 65's requirements. But it does not. The Amended Complaint and Motion for Temporary Restraining Order are totally devoid of the necessary verification. Therefore, this Court should vacate the temporary restraining order. *See Espino*, 2005 U.S. Dist. LEXIS 32349 at *3 (denying temporary restraining order for wrongful foreclosure claim where plaintiffs failed to verify complaint).

In addition to being defective on its face, the Motion for Temporary Restraining Order also fails to satisfy the substantive burden for a temporary restraining order because it does not show that Plaintiffs have a substantial likelihood of success on the merits. Plaintiffs' vague allegations in the Amended Complaint in no way suggest the claims are meritorious, far less do they demonstrate a *substantial likelihood* of success on the merits. For instance, Plaintiffs vaguely allege that unnamed Ocwen representatives at unknown times gave Plaintiffs "wholly incorrect" information about "important matters." Dkt. No. 13 ¶ 82. Such hollow factual allegations do not even rise to the basic threshold level of stating a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). They certainly do not demonstrate a substantial likelihood of success on the merits as required for the extraordinary remedy of a temporary restraining order to issue. Further, Plaintiffs allege that Ocwen refused to accept payments short of the deficient amount due on the Note. *See id.* ¶ 10. Even were this allegation true, the Deed of Trust explicitly grants Ocwen the right to refuse acceptance of any payment

that is less than the amount past due. *See* Exhibit A ¶ 1 ("Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current."). Plaintiffs' allegations therefore again fail to state a claim upon which relief can be granted, let alone show a substantial likelihood of success on the merits. For these additional and independent reasons, this Court should vacate Plaintiffs' motion for temporary restraining order.

WHEREFORE, Defendants respectfully request that the Court grant this Motion to Vacate Temporary Restraining Order in its entirety.

Dated:   August 25, 2017

                                  Respectfully submitted,

/s/ *Brett W. Schouest*
Brett W. Schouest
Texas State Bar No. 17807700
bschouest@dykema.com
Melanie L. Fry
Texas State Bar No. 24069741
mfry@dykema.com
Dykema Cox Smith
112 East Pecan, Suite 1800
San Antonio, Texas 78205
(210) 554-5500
(210) 226-8395 FAX

**ATTORNEYS FOR OCWEN LOAN SERVICING, LLC AND POWER DEFAULT SERVICES, INC.**

*/s/ Matt D. Manning*
**MATT D. MANNING**
State Bar No. 24070210
**JEFFREY R. SEEWALD**
State Bar No. 17986640
1001 McKinney, Suite 1500
Houston, TX  77002
Telephone:     (713) 520-1900
Facsimile:      (713) 520-1025
mmanning@mcglinchey.com
jseewald@mcglinchey.com

**ATTORNEYS FOR DEFENDANT CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS BANK FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ARLP SECURITIZATION TRUST SERIES 2014-2**

**CERTIFICATE OF CONFERENCE**

Counsel for Defendants conferred with counsel for Plaintiffs on August 24, 2017 in a good-faith attempt to resolve the matter by agreement, but an agreement could not be reached because Plaintiffs' counsel is opposed to the relief sought in the above motion.

*/s/   Brett W. Schouest*
Brett W. Schouest

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing document was served upon all counsel of record on August 25, 2017 in compliance with the Federal Rules of Civil Procedure.

*/s/   Brett W. Schouest*
Brett W. Schouest