IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALVIN VAUGHT ET UX § <br> NANCY VAUGHT § <br> Plaintiffs § <br> § <br> VS. § <br> § <br> OCWEN LOAN SERVICING, LLC, § <br> POWER DEFAULT SERVICES, § <br> INC., and WILMINGTON TRUST, § <br> NATIONAL ASSOCIATION NOT § <br> IN ITS INDIVIDUAL CAPACITY § <br> BUT AS TRUSTEE OF ARLP § <br> SECURITIZATION TRUST, § <br> SERIES 2014-2, § <br> Defendants § | CIVIL ACTION NO: 5:17 -cv-00170 OLG |

## PLAINTIFFS' OPPOSITION TO MOTION TO VACATE TEMPORARY RESTRAINING ORDER

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COME Plaintiffs, ALVIN VAUGHT ET UX NANCY VAUGHT, who file this, their Opposition to the Motion to Vacate the Temporary Restraining Order Granted by the Court, in part, due to no timely response in opposition to either Plaintiffs' Original Petition before the State Court or the Plaintiffs' First Amended Complaint filed pursuant to the Scheduling Order herein. In that regard, Plaintiffs would show unto the Court as follows:

1.      The Plaintiffs object to this paragraph as conclusory and false. The Plaintiffs' filings and pleadings to date incorporate the requested affidavit. Furthermore, the likelihood of success is highly probably upon evidentiary hearing. 1) The pleadings incorporate both a Temporary Restraining Order and proof of service upon the Defendant. The Defendant's subsequent actions and corresponding pleadings concede that it proceeded with the foreclosure as evidenced by the substitute trustee's deed. In addition, the questionable deed was filed more than 7 months after it

**RESP OPP MOTION pg. 1**

was asserted by Plaintiffs that the Restraining Order was served upon Defendant. Even a mistaken act of selling in violation is no excused by the intentional act of proceeding with filing of a legally void deed executed in violation of same. 2) To compound the misfeasance, there are sworn affidavits of two witnesses that no substitute trustee from any lender appeared at the relevant Courthouse and sold any property whatsoever on the date in question. The malfeasance of possibly foreclosing in violation of a Court Order is compounded by the Fraudulent claim of appearing and conducting a public sale when one did not. Attaching a sworn but false declaration and filing the document with the County Clerk's Office is normally a criminal act but filing a false lien and fraudulently clouding title is recoverable under the Civil Statutes of Texas by these Plaintiffs.

2.  Plaintiffs object to the legal conclusions in this paragraph and note the dates conceding the actions above. Defendant failed to timely object to the requested affirmative relief or seek leave to do so beyond the allowed time. Given the violation of the local rules for responding to Motions Defendant has waived any objections as to procedural deficiencies.

3.  Defendant has failed to either object to the Amended Complaint, file a motion for a more definite statement or timely object to the request for affirmative relief. Furthermore, without sufficient explanation of either violating the original restraining order issued by this Courts sister court below, the Defendant should be estopped from seeking affirmative relief. There is almost no doubt that this Defendant violated the initial State issued restraining order, there are no similar procedure objections to that document, and compounded that error by filing what is almost certainly a void, false and fraudulent verified document claiming a public sale took place without the presence of any physical being seen, heard or found at the County Courthouse grounds from 8 am until 5 pm. Likelihood of recovery is strong given the preponderance of

evidence available from the Plaintiffs and the continued silence and tardy objections from the Defendant.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Court DENY the relief sought in the Motion or, in the alternative, set the matter for evidentiary hearing to determine the validity of the factual allegations of both parties herein before entering a decision on the motion. The completion of a short evidentiary hearing will resolve 90% of all fact issues herein and assist in a speedy resolution to the entire case.

Respectfully Submitted,

**Oscar L. Cantu, Jr.**
**Attorney & Counselor at Law**


By: \_/s/ by Oscar L. Cantu, Jr.\_\_\_\_\_
Oscar L. Cantu, Jr.
SBN 03767448
R3Oscar@aol.com

1515 N. St. Mary's
San Antonio, Texas 78215
(210)472-3900
(210)472-3901 fax
**Attorney for the Plaintiffs**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this pleading has been served upon all counsel of record via ECF service with the Court pursuant to the Federal Rules of Civil Procedure on this, the 8th day of Sepember 2017.

\_/s/ by Oscar Cantu_____
Oscar Luis Cantu, Jr.